IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-1824-L (BH) |
| | § | |
| JASON L. BURNS and KYLE McAFEE, | § | |
| | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to *Special Order No. 3-251*, this case was automatically referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court are *Defendants' Motion to Set Aside Default* and *Defendants' Motion to Quash Service*, filed December 3, 2012 (doc. 15), and *Plaintiff's Motion for Default Judgment*, filed December 6, 2012 (doc. 19). Based on the relevant filings and applicable law, the motions to set aside default and quash service should be **GRANTED**, and the motion for default judgment should be **DENIED**.

### I. BACKGROUND

On June 12, 2012, Craig Cunningham (Plaintiff) filed this *pro se* action under 42 U.S.C. § 1983 against Jason L. Burns (Burns), a police officer in Mabank, Texas, for allegedly stopping him without cause, detaining and imprisoning him, and intentionally inflicting emotional distress upon him during a traffic stop in August 2010. (*See* doc. 3.) Plaintiff later amended his complaint to add the police chief, Kyle L. McAfee (McAfee), as a defendant. (*See* doc. 7.) The Clerk of Court issued summonses for both Burns and McAfee (collectively, Defendants) that same day. (*See* docs. 8, 9.) On October 29, 2012, Plaintiff filed proof of service indicating

Defendants were served on September 24, 2012, by an individual via certified mail, return receipt requested. (*See* doc. 10 at 3, 6.) Neither return receipt bore Defendants' signatures. (*Id.*) Defendants did not timely answer, Plaintiff sought entry of default on November 29, 2012, and the Clerk entered default that same day. (*See* doc. 12.) On December 3, 2012, Defendants moved to quash service, to set aside default, and they filed their answer to the amended complaint. (*See* docs. 15, 18.)

**II. MOTION TO QUASH SERVICE**

Defendants move to quash service on grounds that Plaintiff failed to effect service in a manner permitted by Fed. R. Civ. P. 4. (*See* doc. 15 at 1.) They claim that they were not served by an authorized person, and that the return receipt cards do not bear their signatures. (*Id.*)

Rule 12(b) (5) of the Federal Rules of Civil Procedure "permits a challenge to the method of service attempted by the plaintiff," or the lack of delivery of the summons and complaint. *See* Fed.R.Civ.P. 12(b)(5); *Tinsely v. Comm'r of I.R.S.*, 3:96–CV–1969–P, 1998 WL 59481, at *3 (N.D.Tex. Feb. 9, 1998). A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See Pavlov v. Parsons*, 574 F. Supp. 393, 399 (S.D. Tex.1983) (holding the court had personal jurisdiction over defendants because plaintiff properly served them in compliance with Rule 4).

When a defendant is an individual, Rule 4(e)(1) of the Federal Rules of Civil Procedure permits service in accordance with the law of the state where the district court is located. Fed. R. Civ. P. 4(e)(1). In Texas, process may be served by a sheriff, a constable, any person authorized by law or a written order of the court who is not less than 18 years of age, or an individual certified under order of the Supreme Court and who is not a party or interested in the outcome of

the suit. Tex. R. Civ. P. 103; *Larrew v. Barnes*, No. 3:02-CV-1585-D, 2002 WL 31109713, at *2 (N.D. Tex. Sept. 17, 2002). If requested, the clerk of court may also serve process by registered or certified mail. Tex. R. Civ. P. 103; *Larrew*, 2002 WL 3110971, at *2. An individual *authorized by Rule 103* may serve process by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Tex. R. Civ. P. 106(a)(2) (emphasis added); *Mayfield v. Dean Witter Fin. Servs., Inc.*, 894 S.W.2d 502, 505 (Tex. App.—Austin 1995, writ denied) (private process servers in Texas must be authorized by law or written order of the court). When an authorized individual serves a defendant on behalf of a plaintiff using certified mail, Texas law mandates that the return receipt be signed by the addressee. Tex. R. Civ. P. 107(c); *Ayika v. Sutton*, 378 F. App'x 432, 434 (5th Cir. 2010); *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.—San Antonio 2001, pet. denied).

Here, Plaintiff attempted to effect service on the individual Defendants pursuant to Rule 4(e)(1) via certified mail under Texas law. (*See* doc. 10 at 3, 6.) Parties who elect to serve process under state law must fully comply with the law governing such service. *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 633 (N.D. Tex. 2007). A "plaintiff [has] the burden to ensure that defendant(s) are properly served with summons and a copy of the complaint." Fed.R.Civ.P. 4(c)(1). A plaintiff establishes valid service of process by submitting a return of service proving service was effected in accordance with the rules. *Nabulsi v. Nahyan*, No. CIV A H-06-2683, 2009 WL 1658017, at *4 (S.D. Tex. June 12, 2009), *aff'd sub nom*. *Nabulsi v. Bin Zayed Al Nahyan*, 383 F. App'x 380 (5th Cir. 2010). Unless some defect in service is shown on the face of the return, a motion to dismiss under Rule 12(b)(5) requires the defendant to produce admissible evidence establishing the lack of proper service. *Id.* (citing O'Brien v. RJ. O'Brien &

Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir. 1993)).

The return of service filed in this case on its face shows that neither return receipt bears Defendants' signatures. (*See* doc. 10 at 3, 6.) Nor does the record show that the individual who served Defendants was authorized to do so under Texas law. (*See* doc. 10 at 1.) Because service of process did not conform to Texas law, service was defective. *See Recreational Properties, Inc. v. Sw. Mortgage Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986); *Livanos v. Livanos*, 333 S.W.3d 868, 874 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

Because Plaintiff has not met his burden to show that Defendants were properly served, Defendants' *Motion to Quash Service* should be **GRANTED.**

### III. MOTION TO SET ASIDE DEFAULT

Defendants also move to set aside the Clerk's entry of default on grounds that Rule 55 only authorizes judgment when parties fail to "plead or otherwise defend," and they have now answered the complaint with meritorious defenses. (*See* doc. 15 at 2-3.) They further claim the entry of default should be set aside because default is disfavored. (*Id.*)

Under Rule 55(c), courts may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c); *Stelax Indus., Ltd. v. Donahue,* No. 3:03–CV–923–M, 2004 WL 733844, at *10 (N.D. Tex. Mar.25, 2004). The good cause standard is a liberal one. *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.,* 346 F.3d 552, 563 (5th Cir. 2003). In deciding whether a defendant has shown good cause, courts consider: (1) whether the failure to respond was due to excusable neglect; (2) whether the plaintiff would suffer prejudice if the default was set aside; and (3) whether the defendant has presented a meritorious defense. (*Id.*); *CJC Holdings, Inc. v. Wright & Lato, Inc.,* 979 F.2d 60, 64 (5th Cir. 1992) (adopting excusable neglect inquiry in place of willfulness); *see also Stevenson v. Verizon Wireless, LLC,* No. 3:08–CV–0168–G, 2009 WL

188188, at *2 & n. (N.D.Tex. Jan. 27, 2009) (applying excusable neglect factor in accord with *CJC Holdings*). These factors are nonexclusive; another factor often considered by courts is whether the party acted promptly to correct the default. *Effjohn*, 346 F.3d at 563. "The decision to set aside a default decree lies within the sound discretion of the district court." *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985).

Excusable neglect is an "'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 392 (1993). The term extends to "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388. Excusable neglect has been found to include late filings resulting from "mistake, inadvertence or carelessness ...." *Mattress Giant Corp. v. Motor Adver. & Design Inc.,* No. 3:07–CV–1728–D, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008); *see also UMG Recordings, Inc. v. Landers,* CIV.A. 07-1279, 2008 WL 60422, at *2 (W.D. La. Jan. 4, 2008) (excusing defendant's delay in answering the complaint in the absence of evidence that *pro se* defendant acted intentionally); *In re Waggoner,* No. 05–21523–RLJ–7, 2007 WL 3171740, at *5 (Bankr. N.D. Tex. Oct.24, 2007) (excusing IRS's delay in answering complaint despite failure to proffer a reason).

Here, the Court has found that service of process did not conform to Texas law, and was defective. There is no evidence that suggests the Defendants' failure was intentional. *Landers,* 2008 WL 60422, at *2; *In re Waggoner,* 2007 WL 3171740, at *5. Under these circumstances, Defendants' failure to file a timely answer meets the "elastic" standard for excusable neglect. *Pioneer Inv. Servs. Co.,* 507 U.S. at 392. There is also no indication that the Plaintiff would suffer prejudice if the default were set aside. Defendants moved to set aside entry of default and additionally answered within two business days of the clerk of court's entry of default. (*See* doc.

12.) They entered an appearance before there was a ruling on the motion for default judgment, and the case is still in its early stages. *See Verity Instruments, Inc. v. KLA–Tencor Corp.*, No. 3:06–CV–0005–D, 2006 WL 929235, at *2 (N.D. Tex. Apr.10, 2006) (requirement that plaintiffs litigate their claims caused no unfair prejudice). Finally, Defendants asserted multiple defenses in their answer in addition to insufficient service of process, including legal justification, official immunity to suit, comparative causation, and others. *See Effjohn*, 346 F.3d at 563; *CJC Holdings*, 979 F.2d at 64. For these reasons, Defendants have shown good cause, and their *Motion to Set Aside Default* should be **GRANTED**.

## IV. MOTION FOR DEFAULT JUDGMENT

Plaintiff moves for default judgment against the Defendants pursuant to Fed. R. Civ. P. 55. (*See* doc. 19.)

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir.1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise." *See id.*; *New York Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

"'Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Moreover, "a party is not entitled to a default judgment as a matter of right, even where

the defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam). Courts may consider "the amount of money at stake, the possibility of a dispute concerning material facts, and the strong policy favoring decisions on the merits." *Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004) (citing 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 2685 (3d ed. 1998). The decision to enter a judgment by default is discretionary. *Id*.

Here, Defendants have defended the case by filing a motion to quash service, a motion to set aside default, and an answer to Plaintiff's amended complaint. *See Rogers v. Barnhart*, 365 F. Supp. 2d 803, 808 (S.D. Tex. 2004) (citing *Sun Bank*, 874 F.2d 274, 277 (5th Cir. 1989) ("The filing of a motion to dismiss is normally considered to constitute an appearance ....")). Therefore, Plaintiff cannot satisfy the first requirement for a default judgment, e.g., Defendants' failure "to plead or otherwise defend." Fed. R. Civ. P. 55(a); *New York Life Ins. Co.*, 84 F.3d at 141. In addition, Plaintiff cannot satisfy the second requirement for a default judgment because the Court is recommending that the entry of default be set aside. *Id*. Furthermore, even though Defendants filed their motions after the Clerk entered default, Plaintiff is not entitled to default judgment as a matter of right. *Lewis*, 236 F.3d at 767. In view of the damages sought, a decision on the merits is warranted. *Stelax Indus., Ltd.*, 2004 WL 733844, at *11. Plaintiff's *Motion for Default Judgment* should be **DENIED**.

### V.  RECOMMENDATION

*Defendants' Motion to Quash Service* and *Defendants' Motion to Set Aside Default*

should be **GRANTED**, and *Plaintiff's Motion for Default Judgment* should be **DENIED**.

    **SO RECOMMENDED**, on this 5th day of August, 2013.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE