IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CRAIG CUNNINGHAM,** § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:12-CV-1824-L** |
| § | |
| **JASON L. BURNS and KYLE MCAFEE,** § | |
| § | |
| Defendants. § | |

**ORDER**

Before the court is Defendants Jason Burns and Kyle McAfee's Motion for Summary Judgment ("Defendants") (Docs. 44 and 46), filed October 24, 2013. This case was referred to Magistrate Judge Irma C. Ramirez, who entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 56), filed on September 2, 2014, recommending that Defendants' Motion for Summary Judgment be granted. No objections to the Report were filed.

On June 12, 2012, Plaintiff Craig Cunningham ("Plaintiff"), a pro se litigant, filed his original complaint against Jason Burns ("Officer Burns"), a former police officer in Mabank, Texas, asserting (1) infringement of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; (2) false imprisonment; and (3) intentional infliction of emotional distress. On July 27, 2012, Plaintiff amended his complaint, asserted the same claims against Officer Burns, and added Mabank Police Chief Kyle McAfee ("Chief McAfee"), contending that Chief McAfee failed to train, supervise, and discipline Officer Burns.

In their Motion for Summary Judgment, Defendants raise qualified immunity as an affirmative defense and argue it precludes Plaintiff's claims. Defendants further contend that Officer Burns had reasonable suspicion to conduct a *Terry* stop and therefore did not violate Plaintiff's

Fourth Amendment rights. Defendants also argue that they did not violate Plaintiff's rights under the Fifth or Fourteenth Amendments. As to Chief McAfee's liability as a supervisor, Defendants argue that Plaintiff failed to satisfy the stringent standard regarding deliberate indifference. Finally, Defendants argue that Texas's sovereign immunity statute bars Plaintiff's state law claims.

On December 3, 2013, Plaintiff filed his response to Defendant's Summary Judgment Motion. On December 13, 2013, Defendant replied to Plaintiff's response and objected to the evidence that Plaintiff cited in his response. On January 27, 2014, Plaintiff filed a surreply. On September 2, 2014, Magistrate Judge Irma C. Ramirez entered her Report and recommended that the court grant Defendants' Motion for Summary Judgment. The magistrate judge also sustained three of Defendants' objections and declined to consider certain evidence cited in Plaintiff's response, stating that (1) Officer Burns's unrelated traffic stop reports were not properly authenticated; (2) Plaintiff's videos depicting the drive from the Mosely gas station to the Mosley insurance office were inadmissible hearsay; and (3) the purported copy of the department policy on traffic stops was not properly authenticated. Plaintiff did not file any objections to the Report.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court **determines** that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **grants** the Defendant's Motion for Summary Judgment. Judgment will issue by separate document as required by Federal Rule of Civil Procedure 58.

**It is so ordered** this 22nd day of September, 2014.

_____
Sam A. Lindsay
United States District Judge