**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **CRAIG CUNNINGHAM,** § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:12-CV-1824-L** |
| § | |
| **JASON L. BURNS and KYLE MCAFEE,** § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion for Attorney's Fees and Costs, filed October 3, 2014. Defendants argue that they are entitled to attorney's fees as the prevailing parties pursuant to 42 U.S.C. § 1988. After careful consideration of the motion, brief, appendix, record, and applicable law, the court **denies** Defendants' Motion for Attorney's Fees and Costs.

Under 42 U.S.C. § 1988, a prevailing defendant is entitled to recover attorney's fees if such defendant establishes that a plaintiff's underlying claims are "frivolous, unreasonable or groundless." *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). Frivolity is determined by deciding "whether the case was so lacking in merit that it was groundless, rather than whether the claim was ultimately successful." *Id.* "When considering whether a suit is frivolous, a distrct court should look to factors such as whether the plaintiff established a *prima facie* case, whether the defendant offered to settle, and whether the court held a full trial." *Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000) (citation omitted). The Supreme Court cautions that "[e]ven when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for

bringing suit." *Christiansburg*, 434 U.S. at 422. Courts impose this stringent test on a prevailing defendant "to a prevent any chilling effect on the enforcement of civil rights." *Myers*, 211 F.3d at 292 n.1 (citation omitted).

The court cannot characterize this action as frivolous. Defendants contend that they are entitled to attorney's fees, as Plaintiff failed to establish a *prima facie* case on his claims, Defendants never offered to settle, and the case never went to trial. Even so, Defendants fail to show why Plaintiff's claims are so lacking in merit that they are frivolous. These factors fit within a stringent standard that allows for the award of attorney's fees only when a plaintiff's claim is frivolous, unreasonable, or groundless. The court is convinced that Plaintiff had arguably meritorious claims that ultimately failed. Although Plaintiff did not prevail, the facts of the case do not put Plaintiff's claims in the category that warrants an award of attorney's fees. Simply because Defendants are the prevailing parties and entitled to summary judgment does not entitle them to an award of attorney's fees.

Defendants also contend that they are entitled to attorney's fees because Plaintiff filed this lawsuit to harass them. As evidence, Defendants point to two separate lawsuits filed by Plaintiff that were subsequently dismissed, and they request that the court take judicial notice of these lawsuits. That Plaintiff filed two previous lawsuits does not establish frivolity. The court cannot use the facts and circumstances of the previous lawsuits as a basis for considering this action frivolous. The previous lawsuits were not against the Defendants in this case. Accordingly, the court cannot say that this action is so lacking in merit that it is frivolous, unreasonable, or groundless.

For the reasons herein stated, the court **denies** Defendants' Motion for Award of Attorney's Fees and Costs. Additionally, Plaintiff's Amended Motion for an Extension of Time to Respond to Defendant's Motion for Attorney's Fees and Costs is **denied as moot.**

**It is so ordered** this 21st day of October, 2014.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge